11-4189                                                                    BIA
Zhou v. Holder                                                       A095 467 934

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of September, two thousand twelve.

PRESENT:
        REENA RAGGI,
        DEBRA ANN LIVINGSTON,
        CHRISTOPHER F. DRONEY,
             *Circuit Judges.*
_____

QIN ZHOU,
        *Petitioner,*

        v.                                    11-4189
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        David X. Feng, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Terri J. Scadron,
                       Assistant Director; Lisa Morinelli,
                       Trial Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Qin Zhou, a native and citizen of the People's Republic of China, seeks review of a September 19, 2011, order of the BIA denying her motion to reopen. *In re Qin Zhou*, No. A095 467 934 (B.I.A. Sept. 19, 2011). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam) (quoting *INS v. Doherty*, 502 U.S. 314, 23 (1992)). There is no dispute that Zhou's 2011 motion to reopen was untimely because her administrative order of removal became final in 2009. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Zhou argues that her motion to reopen is excused from the time limitation based on changed conditions arising in China since the time of her 2007 merits hearing. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R.

§ 1003.2(c)(3)(ii). We find no abuse of discretion in the BIA's denial of her motion to reopen as untimely.

Initially, the BIA reasonably determined that Zhou's motion failed to establish changed conditions in China because her conversion to Christianity in the United States, which occurred after her removal order, was a change in personal circumstances, not a change of conditions "arising in" China. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); *see Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008).

Moreover, the BIA reasonably found that the background evidence submitted with Zhou's motion to reopen did not show that the Chinese government's treatment of Christians had changed since the time of her 2007 hearing. *See Matter of S-Y-G-*, 24 I&N Dec. 247, 253 (BIA 2007). The BIA compared the evidence of country conditions after Zhou's 2007 hearing with the evidence in the administrative record at the time of her hearing, and reasonably concluded that the record did not establish worsening conditions for Christians. *See Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007) (per curiam) (the BIA is not required to "expressly parse or refute on the record each individual argument or piece of

3

evidence offered by the petitioner" (internal quotation marks omitted)).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk